**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

TIMOTHY L. LUNSFORD

                                        PETITIONER

Registration No. 16449-075

v.  NO. 2:08CV00185 JMM/JTR

T.C. OUTLAW, Warden,
Federal Correctional Institution,
Forrest City, Arkansas                                                                 RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

      3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Room A 149
> Little Rock, AR 72201-3325

## I. Introduction

Petitioner, Timothy Lunsford, an inmate in the Federal Correctional Institution in Forrest City, Arkansas, filed this § 2241 habeas action on October 14, 2008. (Docket entry #1). Respondent has filed a Response (docket entry #9) and a Supplemental Response. (Docket entry #13). Petitioner has filed a Reply. (Docket entry #12). Thus, the issues are joined and ready for disposition.

Before addressing Petitioner's habeas claims, the Court will review the pertinent procedural history of this case. On October 9, 2002, Petitioner was arrested by Tennessee state authorities on state charges of Possession of a Controlled Substance, Harassment/Threats, Trespass by Motor Vehicle, and Unlawful Possession of a Weapon. (Document entry #9). On October 15, 2002, he was released on bond. Eight days later, Petitioner was arrested for violating his state parole and he remained in state custody until August 5, 2003. (Docket entry #9).

On June 19, 2003, petitioner was indicted in the United States District Court for the Middle District of Tennessee, for being a Felon in Possession of a Firearm. See, 18 U.S.C. § 922(g)(1). These federal charges arose from his arrest by Tennessee state authorities on October 9, 2002. (Docket entry #9).

On August 5, 2003, Petitioner was transferred from state custody to the custody of the United States Marshals Service (USMS) pursuant to a Writ of Habeas Corpus *ad prosequendum*. (Document entry #9, Exhibit 6). He remained in federal custody until March 9, 2007, when United States District Judge William J. Haynes, Jr. sentenced him to 120 months in the Bureau of Prisons (BOP) for being a Felon in Possession of a Firearm. (Docket entry #13). In his Commitment Order, Judge Haynes specified that Petitioner was to serve his federal sentence consecutive to his Tennessee state sentence. (Document entry #9, Exhibit 4).

Importantly, throughout the time Petitioner was in federal custody awaiting the final disposition of his federal charges, he received credit toward his state sentence.[1] On March 15, 2007, Petitioner was returned to the Tennessee Department of Correction. (Document entry #9, Exhibit 3).

On August 10, 2007, Petitioner was paroled from state custody to the BOP to begin serving his federal sentence. (Document entry #9, Exhibit 6). The BOP calculated his federal sentence as starting on August 10, 2007, and running consecutive to his state sentence. (Document entry #9, Exhibit 4). Petitioner's statutory projected release date is April 26, 2016. (Document entry #9, Exhibit 2).

---

[1] The Tennessee Department of Correction confirms that Petitioner was sentenced to an 18 year sentence with an effective date of March 6, 1995 and his sentence continued to run, un-interrupted, from August 5, 2003 through March 15, 2007. (Docket entry #13).

Petitioner filed this § 2241 petition requesting that he receive credit on his federal sentence for the time period between August 5, 2003 and March 9, 2007, when he was in the physical custody of the USMS. (Document entry #1). Respondent argues in his Response that during the time period in question, the State of Tennessee maintained primary jurisdiction over Petitioner and the USMS only "borrowed" Petitioner pursuant to a writ of habeas corpus *ad prosequendum* so that he could be tried on the federal charges (Document entry #9). Furthermore, Respondent contends that pursuant to 18 U.S.C. § 3585(b), a prisoner can not receive credit against his federal sentence for time that has been credited against another state sentence.

For the reasons set forth below, the Court concludes that Respondent has correctly construed 18 U.S.C. § 3585(b). Therefore, the Court recommends that this habeas action be dismissed, with prejudice.

## II. Discussion

When a defendant is convicted on state charges and later turned over to federal authorities on federal charges, two separate sovereigns exercise jurisdiction over the same person during the same time period; therefore, "primary jurisdiction is generally determined by which one first obtains custody of, or arrests, the person." *United States v. Cole*, 416 F.3d 894, 897 (8th Cir.2005). The controlling factor is "actual physical custody" of the prisoner. *Id.* If a convicted prisoner is under the primary jurisdiction of the state and then is transferred to federal custody to await prosecution on federal charges, "primary jurisdiction is not lost but rather the defendant is considered to be 'on loan' to the other sovereign." *Id.* at 896-97. The issuance of a writ of habeas corpus *ad prosequendum* is merely the vehicle used by the Federal government to obtain custody of a defendant who is in state custody so that he can be prosecuted in federal court. Such a writ does not

4

alter a defendant's status as a state prisoner, but merely constitutes a temporary change in the location of his custody. *Munz v. Michael*, 28 F.3d 795, 798 & n. 3 (8th Cir.1994).

On October 23, 2002, the State of Tennessee took Petitioner into its custody for violating his parole. On August 5, 2003, he was transferred to the custody of the USMS on a writ of habeas corpus *ad prosequendum*. Petitioner was merely "on loan" to federal authorities until the completion of his federal prosecution. On March 9, 2007, Petitioner was sentenced on the federal charge and, on March 15, 2007, he was returned to state custody. Thus, during the more than three and one-half years that Petitioner was in federal custody, Tennessee retained primary jurisdiction over him.

A federal sentence cannot commence prior to the date it is pronounced. *See Coloma v. Holder*, 445 F.3d 1282, 1284 (11th Cir.2006), BOP Program Statement 5880.28 at 1-13. Thus, Petitioner's federal sentence could not have commenced before March 9, 2007, the date it was pronounced. The only way that Petitioner's time served in the custody of the USMS can be counted towards his federal sentence is if he is entitled to credit under 18 U.S.C. § 3585.

18 U.S.C. § 3585(b) governs whether a prisoner is entitled to credit on his federal sentence for time he spent in custody before commencement of his federal sentence. *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir.2004). In pertinent part, this statute provides:

> (b) Credit for prior custody.-A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed
>
> that has not been credited against another sentence.

The determination of whether a prisoner should be given credit for time served under this statute "is

properly left to the Bureau of Prisons" and is made only "after the defendant begins his sentence." *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir.2004).

According to the record, the custodial period in question was credited against Petitioner's Tennessee state sentence. (Document entry #13, Exhibit 1). Under § 3585(b), a defendant can receive credit on a federal sentence only for time "that has not been credited against another sentence." The United States Supreme Court has made it clear that the statute prohibits a defendant from receiving "a double credit for his detention time." *Wilson*, 503 U.S. at 337; *see also Baker v. Tippy*, No. 99-2841, 230 F.3d 1362 (8th Cir.2000) (unpub. table op.) (federal defendant not entitled to "additional credit against federal sentence for time served between date he was transferred via a writ of habeas corpus *ad prosequendum* from state to federal custody in order to face federal charges on a federal offense, and the date his state sentence expired); *United States v. Kramer*, 12 F.3d 130, 132 (8th Cir.1993) (federal defendant not entitled to credit for time spent in state custody where he received credit against his state sentence for that period).

Petitioner contends that during his federal sentencing, the Court explicitly stated that Petitioner was to receive all jail credit beginning when Petitioner was placed in federal custody on August 5, 2003 through March 9, 2007. (Document entry #1). Petitioner argues that, under 18 U.S.C. § 3584 and 5G1.3 of the United States Sentencing Guidelines, he is entitled to have the time spent in the custody of the USMS credited against his federal sentence. *Id.*

Petitioner's argument is faulty and directly contradicted by the record. During his federal sentencing, Judge Haynes explicitly ordered that Petitioner's federal sentence run consecutive to his state sentence:

> THE COURT:   The last time we were here, I believe– I will share with you all my concern. There was the issue about how soon he

6

|  |  |
|---|---|
|  | would be released from state custody. To me that impacted whether the sentence should be consecutive or concurrent. |
|  | ... |
| THE COURT: | Upon review of the statement from the Tennessee Department of Correction that your expiration date is March 29, 2009 on your state sentence, the Court orders that the sentences in this case will be consecutive to your state sentence. |

Accordingly, because Petitioner received credit on his state sentence for the over three and one-half years he spent in federal detention awaiting the final disposition of his pending federal firearm charge, the BOP did not abuse its discretion in refusing to apply the time he spent in federal detention toward his federal sentence.

## III. Conclusion

IT IS THEREFORE RECOMMENDED that the Petition for a Writ of Habeas Corpus, under 28 U.S.C. § 2241 (docket entry #1) be DENIED, and this case be DISMISSED, WITH PREJUDICE.

Dated this 20th day of April, 2010.

_____
UNITED STATES MAGISTRATE JUDGE